**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| DANIEL GETZ, individually and on behalf of all other similarly situated, | **CASE NO.:** |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| UNITED HEALTHCARE SERVICES, INC., | |
| Defendant. _____/ | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant United HealthCare Services, Inc. ("United"), pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441(a), and 1446, with full reservation of all defenses, hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida. In support of this Notice of Removal, United states as follows:

**I.   Background**

1. On or about December 1, 2020, Plaintiff Daniel Getz filed a Class Action Complaint (the "Complaint") against Defendant. A true and correct copy of the Complaint and other papers served upon Defendant is attached hereto as Exhibit A.

2. The suit arises from alleged text messages and telephone calls to Plaintiff's cellular telephone that Plaintiff alleges were initiated in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

3. On December 22, 2020, Defendant's registered agent was served with a Summons and the Complaint.

4. Pursuant to the Summons accompanying the Complaint, United was initially required to respond to the Complaint within twenty (20) days after service of the Summons. Pursuant to an Agreed Order entered by the state court, United's deadline to respond to the Complaint has been extended to February 10, 2021.

5. Defendant now timely removes this action to this Court.

## II.  Bases for Jurisdiction

### A.  Federal Question Jurisdiction

6. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331, 1332(d), and 1441(a).  The sole claim, which is asserted under the TCPA, could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States."

7. Plaintiff's Complaint attempts to assert violations of a federal law, namely the TCPA.  *See generally* Ex. A.  The Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 565 U.S. 368 (2012), addressed the issue of whether the federal district courts have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under" the laws of the United States.

8. Indeed, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. This Court thus has federal question jurisdiction.

**B.     CAFA Jurisdiction**

10.     This putative class action is also within the Court's original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). *See* Pub. L. No. 109–2, 119 Stat. 4 (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715).

11.     The Supreme Court has instructed that "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 89 (2014). Rather, CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (quoting S. Rep. No. 109–14, p. 43, as reprinted in 2005 U.S.C.C.A.N. 3, 41). *See also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) ("CAFA's language favors federal jurisdiction over class actions").

12.     Under 28 U.S.C. § 1332(d), federal district courts have "original jurisdiction" over civil class action lawsuits when three requirements are met: "(1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *Dudley*, 778 F.3d at 911 (emphasis omitted) (citing 28 U.S.C. § 1332(d)(2), (5), (6)). Each of these requirements is satisfied here.

13.     The first requirement – referred to as minimal diversity of citizenship – is satisfied by the Complaint's allegations about Plaintiff and United. Plaintiff alleges he is "a citizen and resident of Miami-Dade County, Florida," while United is "a Minnesota corporation . . . that maintains its primary place of business and headquarters in Minnetonka, Minnesota." Compl. at ¶¶ 4 & 5. In any event, the allegation of a nationwide class readily satisfies this requirement. *See id.* at ¶ 35.

14. The requirement of at least 100 putative class members is also satisfied. The Complaint alleges that "Plaintiff . . . believes the Class members number in the *several* thousands, *if not more*." *Id.* at ¶ 36 (emphases added). "Several" is defined as "more than one or two but not a lot." Black's Law Dictionary (11th ed. 2019). An alleged putative class of at least three thousand persons certainly exceeds the requirement of 100 members.

15. As for the aggregate amount in controversy, the Complaint alleges that "Plaintiff and the other members of the Class [were] harmed and are each entitled to a minimum of $500.00 in damages for each violation." Compl. at ¶ 51. The TCPA permits an award of statutory damages of $500 for each violation. *See* 47 U.S.C. § 227(b)(3)(B). In addition, "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times" that amount, *i.e.*, up to $1,500.00. *Id.* at § 227(b)(3)(C). Pursuant to that provision, Plaintiff demands "[a]n award of actual, statutory damages, *and/or trebled statutory damages*." Compl. at ¶ 52(d) (emphasis added).[1] Trebled damages under the TCPA "are included in calculating the amount in controversy at issue." *M.P.G. Tent Rentals, Inc. v. Wasatch Tees of Atlanta, Inc.*, No. 2:08-CV-02218-LSC, 2009 WL 10688841, *2 (N.D. Ala. Feb. 26, 2009). *See also, e.g., Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 324 (5th Cir. 2008) ("Given the possibility of treble damages under the TCPA, . . . the aggregate amount in controversy exceeds $5 million . . . .").

16. If each of the at least 3,000 alleged class members – "if not more" – received only one text message or one telephone call in violation of the TCPA, that alone would mean an

---

[1] More specifically, the TCPA provides a plaintiff with the right to recover actual or statutory damages of $500, "whichever is greater." 47 U.S.C. § 227(b)(3)(C). Plaintiff's Complaint asserts a claim on behalf of him and the putative class as to both types of damages, presumably depending upon which amount is greater per claim.

4

amount in controversy of $4.5 million. If only one in six class members received *two* such text messages (or telephone calls), as Plaintiff alleges was the case with him, that would result in an amount in controversy of $5.25 million.² Alternatively, Plaintiff's allegation a class of in the "***several*** thousands, ***if not more***," (Compl. at ¶ 36 (emphasis added)), fairly invokes a class of at least 3,334 people required to reach the $5 million amount in controversy threshold if it is assumed that each putative class member received only one text message or telephone call at issue in this case.

17. Moreover, Plaintiff seeks, individually and on behalf of the "several thousands, if not more," (*id.*), members of the class an "injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express consent of the called party." *Id.* at ¶ 52(c). *See also id.* at ¶¶ 3, 51. "The value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002). Here, the object of the injunction is to avoid being bothered by "robocalls" to which the called party did not consent. While likely not sufficient on its own for each of the "several thousands, if not more," of putative class members to satisfy the $5 million threshold, it would not be speculative to assign a value to the requested permanent injunctive relief of $166.67 to each of the at least 3,000 putative class members to be valued at $500,000.00, which, when combined with the damages value set forth above, combines for at least $5 million.

18. In this connection, "when a district court can determine, relying on its judicial

---

² The math is as follows: 500 class members x $1,500 per text message x 2 text messages = $1.5 million; 2,500 class members x $1,500 per text message x 1 text message = $3.75 million, for a total of $5.25 million.

5

experience and common sense, that a claim satisfies the amount-in-controversy requirement, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010). The district court can also rely upon "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings" in determining that it is "facially apparent that a case is removable." *Id.* at 1061-62.

19. Here, Plaintiff himself alleges that he received multiple text messages and telephone calls. The Court can rely upon its judicial experience and common sense to find by a preponderance of the evidence that Plaintiff's alleged "experiences" in that regard, (Compl. at 1), are not unique – indeed, Plaintiff alleges the class members are similarly situated to him and his claims are typical of theirs, (*id.* at ¶¶ 35 & 41) – and many of the members of the class, certainly at least one-sixth of the alleged putative class, more likely than not similarly received more than one text message or telephone calls like what is put at issue by the Complaint.

    **C.**    **Subject-Matter Jurisdiction**

20. Furthermore, this action is within the Court's subject-matter jurisdiction because Plaintiff's allegations in the Complaint suffice to allege standing, including injury in fact, under Article III of the United States Constitution. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (U.S. 2016). Plaintiff alleges that "[a]s a result of Defendant's conduct . . . , Plaintiff and the other members of the Class [were] harmed," and thus are entitled to "[a]n award of actual, statutory damages, and/or trebled statutory damages" "for each violation" as well as "an injunction against future calls." Compl. at ¶¶ 51, 52.

21. Plaintiff avers that his allegations are based upon his "experiences" – plural – regarding receipt of *multiple* text messages and telephone calls. Indeed, Plaintiff alleges that he

"has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's *violations*" – plural – "of the TCPA . . . ." *Id.* at ¶ 9 (emphasis added). Plaintiff also alleges receipt of multiple text messages and telephone calls that comprise these violations. *See id.* at ¶¶ 18 & 19. In particular, in the definition of the proposed class, Plaintiff requires that they "received a text message on [their] cellular phone number from Defendant . . . using the same equipment to send the *text messages to Plaintiff* . . . ." *Id.* at ¶ 35 (emphasis added).

22.   As Plaintiff has previously and repeatedly alleged in other lawsuits in response to the alleged receipt of other text messages he similarly contends were made in violation of the TCPA's prohibition on the use of automatic telephone dialing systems, his alleged receipt of the unsolicited text messages and telephone calls at issue in the Complaint "caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion[] [and] . . . also inconvenienced Plaintiff and caused disruption to his daily life." *Getz v. Sprout IRA, LLC*, No. 1:19-cv-22414-JLK (S.D. Fla.), Dkt. No. 1 (Class Action Complaint) at ¶ 36 (June 11, 2019); *Getz v. The DIRECTV, LLC*, No. 1:18-cv-22802-JEM, Dkt. No. 12 (Amended Class Action Complaint) at ¶ 49 (August 15, 2018); *id.* at Dkt. No. 1 (Class Action Complaint) at ¶ 44 (July 12, 2018).

23.   As Plaintiff has previously alleged in another lawsuit in response to the alleged receipt of other text messages and telephone calls he similarly contends were made in violation of the TCPA's prohibition on the use of automatic telephone dialing systems, his alleged receipt of the unsolicited text messages and telephone calls at issue in the Complaint were "a nuisance that aggravated Plaintiff, wasted his time, invaded his privacy, diminished the value of the cellular services he paid for, caused him to temporarily lose the use and enjoyment of his phone, and caused wear and tear to his phone's data, memory, software, hardware, and battery

components." *Getz v. Verizon Communications, Inc.*, No. 1:18-cv-04652-DLC (S.D.N.Y.), Dkt. No. 1 (Class Action Complaint and Demand for Jury Trial) at ¶ 10 (May 25, 2018).

24.     "A party's pleading in one case may generally be used as an evidentiary admission in other litigation." *McCormick on Evidence* § 257 (8th ed. 2020). *See also*, *e.g.*, *Williams v. Union Carbide Corp.*, 790 F.2d 552, 556 (6th Cir. 1986) ("Pleadings in a prior case may be used as evidentiary admissions" and thus were proper for impeachment and substantive evidence as party admissions); *F.D.I.C. v. Cincinnati Ins. Companies, Inc.*, 981 F. Supp. 2d 1324, 1329 (N.D. Ga. 2013) (rejecting as "mistaken" the argument that a party's "complaint from its [prior] legal malpractice action . . . is inadmissible here").

25.     Moreover, the text messages and telephone calls that Plaintiff alleges he received on his cellular telephone necessarily occupied the capacity of Plaintiff's cellular telephone and depleted the telephone's battery and, by Plaintiff's own allegations, necessarily were a nuisance, invaded his privacy, and were inconvenient, if not also costly. *See* Compl. at ¶ 14.

26.     The alleged text messages and telephone calls also caused Plaintiff to lose time in that he read the messages, took a screenshot of at least one, and reached out to counsel to proceed to file this lawsuit to seek compensation for the harm and injury he claims he and at least "several thousand" other persons supposedly suffered.

27.     Plaintiff also alleges that both he and the putative class received telephone calls from United, which are distinct from text messages. *See* Compl. at ¶¶ 37, 39, 49. Indeed, Plaintiff seeks an "injunction prohibiting Defendant from using an automatic telephone dialing system to ***call and text message*** telephone numbers assigned to cellular telephone without the prior express consent of the called party." *Id.* at ¶ 52(c) (emphasis added).

**III.    Notice Given**

28.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff, and a copy will be promptly filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Defendant will file a certificate with the clerk of the court showing proof of service of all notices and filings with the clerk of the state court.

**IV.    Removal is Timely Filed**

29.    This Notice has been timely filed within thirty (30) days that Defendant was served with the Summons and Complaint on December 22, 2020, as required by 28 U.S.C. § 1446(b)(2).

**V.    Pleadings and Process**

30.    As required by 28 U.S.C. § 1446(a), copies of all state court process and pleadings are attached to this Notice of Removal as Exhibit B.

**VI.    Venue**

31.    Pursuant to 28 U.S.C. § 1441(a), venue in this District Court is proper for purposes of removal because this action is currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, which is in same District as the United States District Court for the Southern District of Florida.

**VII.    Non-Waiver of Defenses**

32.    Nothing in this Notice shall be interpreted as a waiver or relinquishment of United's rights to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Federal Rule of Civil Procedure 12.

ACCORDINGLY, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441(a), and 1446 this Court

has jurisdiction over this matter, and Defendant United HealthCare Services, Inc. hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to this Court.

Dated:  January 20, 2021	Respectfully submitted,

                                              By: */s/ Jeffrey A. Backman*
                                              JEFFREY A. BACKMAN
Florida Bar No. 662501
ROY TAUB
Florida Bar No. 116263
GREGG I. STROCK
Florida Bar No. 1010140
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL  33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com
gregg.strock@gmlaw.com
lisa.webster@gmlaw.com

*Attorneys for Defendant*
*United HealthCare Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 20, 2021, a true and correct copy of the foregoing document was forwarded to all counsel of record in compliance with the Federal Rules of Civil Procedure.

                                              By: */s/ Jeffrey A. Backman*
                                                  JEFFFREY A. BACKMAN