UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20234-Civ-COOKE/O'SULLIVAN

DANIEL GETZ,

    Plaintiff,

vs.

UNITED HEALTHCARE SERVICES, INC.,

    Defendant.
_____/

## ORDER REMANDING CASE

THIS MATTER is before the Court on Plaintiff's Motion to Remand (ECF No. 8). Plaintiff Daniel Getz ("Getz"), on his behalf and on behalf of all others similarly situated, brings this putative class action against Defendant United Healthcare Services Inc. ("United"), alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"). Originally filed in state court, Defendant removed the action on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441(a), which permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction..." On January 28, 2021, Plaintiff moved this Court to remand the matter back to state court, contending that the Court lacks subject matter jurisdiction. *See* ECF No. 8. Defendant opposes the motion to remand. *See* ECF No. 14. The Court has reviewed the Parties' arguments and the relevant legal authorities. For the reasons explained below, Plaintiff's Motion to Remand to State Court is **GRANTED**.

### I.    BACKGROUND

Getz alleges that on September 12, 2020, he received an unsolicited text message from United. The text message from United contained some information about the benefits of United's health coverage and invited Getz to request a free quote of United's insurance rates. According to Getz, United utilized an automatic telephone dialing system ("ATDS") to send this unsolicited text message to him within this district, and he never consented to be contacted in such manner. Getz further alleges that United has used an ATDS to send similar, unsolicited communications to other people within this district, and thus, he seeks

1

to represent a class of persons who also received these unsolicited messages from United.

## II.  LEGAL STANDARD

The removing defendant bears the burden of establishing subject matter jurisdiction. *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1327-28 (11th Cir. 2006).  The requirements of 28 U.S.C. §1441 are to be construed strictly, and where removal jurisdiction is doubtful, remand is the appropriate course of action.  *Id.* at 1328.  While district courts undoubtedly have original jurisdiction over all civil actions under federal law pursuant to 28 U.S.C. § 1331, "[f]ederal subject matter jurisdiction is circumscribed by Article III of the Constitution to Cases and Controversies."  *Jenkins v. Simply Healthcare Plans, Inc.*, 2020 U.S. Dist. LEXIS 147433, *3 (S.D. Fla. Aug 17, 2020).  "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III."  *Id.* (internal quotations and citations omitted). Consequently, even where original jurisdiction exists, where plaintiff lacks standing, federal courts lack subject matter jurisdiction to entertain plaintiff's action. *See Salcedo v. Hanna*, 936 F.3d 1162, 1166 (11th Cir. 2019) ("Not every right created by Congress or defined by an executive agency is automatically enforceable in the federal courts.").

## III.  DISCUSSION

United has failed to carry its burden of establishing that this Court has subject matter jurisdiction. In *Salcedo*, the plaintiff alleged that he had received one unsolicited text message, and that the message "caused [him] to waste his time answering or otherwise addressing the message. While doing so, both Plaintiff and his cellular phone were unavailable for otherwise legitimate pursuits."  936 F.3d at 1167.  There, the Eleventh Circuit opined that these allegations were insufficient to satisfy Article III's requirement that plaintiff allege an injury-in-fact.  *Id.* at 1173.  While Getz purports to represent a class of individuals who have also received unsolicited messages from United, Getz's personally alleged grievance is limited to receiving one single text message from United.  By comparison, this injury is markedly less compelling that those asserted in *Salcedo*, which were insufficient.  The Court therefore finds that Getz has no standing to maintain this lawsuit in federal court because he cannot show an injury-in-fact.

Much of United's opposition is devoted to notifying the Court of Getz's aggressive and compulsive forum shopping, and his artful complaint drafting to avoid federal court. Getz's gamesmanship or craftsmanship, however, are not relevant factors in determining

whether the Court has subject matter jurisdiction over the action. United also interestingly argues that Getz's inconsistent word usage serves as proof that he received more than one text message. Although the Complaint alleges and identifies only one instance of Getz being contacted by United, the Complaint often refers to this single message as both text messages and one text message. United argues that the portions of the Complaint where Getz refers to "text messages" show that he received more than one message, presumably moving this case out of *Salcedo*'s reach. The Court is not convinced. The Complaint identifies only one text that was sent to Getz, suggesting that the inconsistent references to "messages" is the result of shoddy draftsmanship and nothing else. Moreover, as is now well-established, where removal jurisdiction is doubtful, remand is the appropriate course of action. *See Miedema*, 450 F.3d 1322 at 1328. The Court is equally unpersuaded by United's arguments that the conflicting allegations in its Notice of Removal should be sufficient basis for finding that the Court has subject matter jurisdiction. *See Jenkins*, 2020 U.S. Dist. LEXIS 147433, *3 (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))[1] ("When the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand.").

## IV. CONCLUSION

As discussed above, it is hereby **ORDERED** and **ADJUDGED** that this action is **REMANDED** to Florida state court. All other pending motions are **DENIED** *as moot*. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers, Miami, Florida, this 22nd day of February 2021.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*John J. O'Sullivan, Chief U.S. Magistrate Judge*
*Counsel of record*

---

[1] The Court is likewise unable to entertain this matter under the Class Action Fairness Act ("CAFA"). While the requirements of CAFA may be met, it is axiomatic that a class representative must have individual standing to raise class claims. Having found that Getz lacks standing, the Court must end its analysis here. *See A&M Gerber Chiropractic LLC v. Geico Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019).